[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on September 12, 1992 in New Haven, Connecticut. Both parties have resided in Connecticut since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 48 years old and in good health. She has been gainfully employed throughout the marriage and is presently earning approximately $71975. gross per year. There are no children issue of this marriage.
The defendant husband is 44 years of age. Commencing December 20, 1999, the defendant will earn $57,000. per year. The defendant is also in good health.
The parties had substantial income tax refunds in the year 1994 through 1998, some in excess of $10,000. per year, which sums were deposited into the parties joint accounts. The plaintiff felt she contributed more than 50% to the finances of the parties during the marriage.
The parties argued over finances and the defendant's infidelity. The defendant's 2 minor sons lived with the parties during some portions of the marriage.
No useful purpose would be served by a review of the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
REAL ESTATE
CT Page 16373
38 Morrell Avenue, Milford
The parties purchased the marital home in 1989. The fair market value of the property is approximately $183,000. subject to a mortgage of approximately $141,000. Both parties contributed to the purchase price and both parties contributed to the home during the marriage. It may be that the plaintiff contributed a greater amount than the defendant. The defendant currently resides in the marital home with his son from a previous relationship.
The husband indicated he has an ability to refinance this property and remove the plaintiff's name from the mortgage. The defendant has been pre-approved for a mortgage.
It is ordered that within 90 days of date the defendant shall refinance the existing mortgage on 38 Morrell Avenue, Milford and shall pay to the plaintiff the sum of $25,000. The plaintiff shall execute the necessary Quit Claim deed and any other documents necessary for the refinancing.
The defendant shall be solely responsible for the mortgage, taxes, insurance and all bills in connection with the Real Estate until such time as the refinancing is completed.
In the event that the defendant is unable to refinance this mortgage and remove the plaintiff's name from the mortgage within the 90 day period, then in that event, the real estate shall be placed on the market for sale and shall be sold expeditiously as possible.
Upon the sale of the premises, after the payment of the Real Estate Commission, balance of mortgage, usual and customary closing costs and legal fees, the net proceeds shall be divided 50% to the plaintiff and 50% to the defendant.
The defendant shall be responsible for the payment of all carrying charges including mortgage, taxes and insurance until the property is sold and he shall hold the plaintiff harmless from any and all liability thereon.
The parties shall accept any offer within 5% of the listing price. Both parties shall cooperate in the sale of their property. CT Page 16374
The Court shall retain jurisdiction over any disputes in connection with the sale or refinancing of the Real Estate.
202-209 Sheridan Street, Bridgeport
In 1997, the parties purchased a 3 family home at 202-209 Sheridan Street, Bridgeport as an investment property for approximately $67,000. When fully rented, this property generates $1800. month in rental income. The value of this property was disputed. There were no appraisals presented. The plaintiff claimed the property was worth $85,000. The defendant claimed the property had a value of $57,500. The present mortgage is approximately $55,000.
The defendant shall refinance this property within 90 days of date so that the plaintiff's name is removed from the mortgage. The plaintiff shall be entitled to receive the sum of $6,000. The plaintiff shall execute the necessary Quit Claim deed and other documents necessary for the refinancing.
The defendant shall be entitled to receive the rental income and shall be solely responsible for payment of the mortgage, taxes, insurance and all costs in connection with this property and shall hold the plaintiff harmless therefrom.
In the event this property is not refinanced within 90 days, then the property shall be immediately listed for sale and sold forthwith. After the payment of the real estate commission, mortgage closing costs and attorney's fees, the net proceeds shall be equally divided 50% to the plaintiff and 50% to the defendant. The defendant shall be responsible for the payment of the mortgage, taxes and insurance until the property is sold and he shall save the plaintiff harmless therefrom. The defendant shall be entitled to receive the rental income until the property is sold.
The court shall retain jurisdiction over any disputes regarding the refinancing or sale of the real estate.
440 BRONX AVENUE, BRIDGEPORT
During the pendency of this action and in violation of the automatic orders, the defendant cashed in his pension ($3500) and purchased the property at 44-46 Bronx Avenue, Bridgeport. This property is awarded to the defendant and the plaintiff shall have CT Page 16375 no claim thereto.
TIMESHARE, POCONOS, PA.
The defendant shall forthwith transfer his interest in the timeshare in the Poconos to the plaintiff forthwith and the plaintiff shall save the defendant harmless from any liability with respect to the balance due on said timeshare.
DEFERRED COMPENSATION PLAN
The plaintiff has a substantial deferred compensation plan. As previously indicated, the defendant cashed in his pension ($3500) and purchased the real estate located at 44-46 Bronx Avenue, Bridgeport. The court has considered the contributions made by the plaintiff, and has considered the award of the Bronx Avenue property to the defendant. The court declines to award the defendant any of the plaintiff's deferred compensation and said deferred compensation shall be the sole property of the plaintiff and the defendant shall have no claim thereto.
DEBTS
1. The defendant shall be solely liable and responsible for the debt owed to the Stamford Credit Union and he shall indemnify and hold the plaintiff harmless from any and all liability on said debt. This obligation shall not be dischargeable in bankruptcy.
2. The defendant shall be solely liable and responsible for the payment of the First USA Visa card #4417 1228 1035 8844 and he shall indemnify and hold the plaintiff harmless therefrom. The defendant shall immediately arrange to have the plaintiff's name removed from this credit card.
3. The defendant shall be solely responsible for the bill to Bernie's and Levitz Furniture and he shall hold the plaintiff harmless from any and all liability therefrom. The defendant shall be entitled to retain the refrigerator and furniture which these bills represent.
4. Each party shall be responsible for the remaining bills as set forth on their respective financial affidavits.
PERSONAL PROPERTY
CT Page 16376
The parties shall divide the remaining items of personal property between them, as they shall agree. If the parties are unable to agree, they are referred to Family Relations for mediation and, if mediation is unsuccessful, the parties shall return to court for orders after a hearing thereon.
The plaintiff shall be entitled to remove from the marital home her boxes and personal property including clothing within 30 days of date.
ALIMONY
Neither party is awarded alimony.
COUNSEL FEES
The plaintiff is awarded counsel fees in the amount of $1500 to be paid by the defendant within 60 days hereof.
CHANGE OF NAME
The plaintiff is granted a change of name to Loraine V. Davis.
The Court
Coppeto, J.